46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammad Ali SHEGEFT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70273.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohammad Ali Shegeft, a native and citzen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") decision finding him deportable and denying his application for asylum and withholding of deportation. Shegeft contends that the BIA's adverse credibility determination was erroneous. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992). Credibility findings of the BIA are reviewed for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Credibility findings must be supported by specific, cogent reasons. Id. Factual findings will be reversed only where the evidence submitted by the applicant would compel any reasonable factfinder to reach a contrary result. INS v. Elias-Zacarias, 112 S. Ct. 812, 817 (1992); Hartooni v. INS, 21 F.3d 336, 340 (9th Cir. 1994).
 
 
 4
 "An alien becomes eligible for asylum after demonstrating a well-founded fear of persecution in his country of citizenship." Limsico v. INS, 951 F.2d 210, 212 (1991); See 8 U.S.C. Sec. 1158(a). "The well-founded fear standard requires an examination of the asylum applicant's subjective feelings that he or she will be persecuted, along with an examination of the objective nature of the articulated reasons for the alien's fear of persecution." Rodgriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir. 1988).
 
 
 5
 The alien's "candid, credible and sincere testimony demonstrating a genuine fear of persecution satisfies the subjective component of the well-founded fear standard." Berroteran-Melendez, 955 F.2d at 1256 (quotations omitted). "The objective component requires credible, direct and specific evidence of record, of facts that would support a reasonable fear that petitioner faces persecution." Id. (quotations omitted). Where corroborating evidence is unavailable, an alien's testimony alone will suffice to prove a well-founded fear if it is credible, persuasive, and specific. Limsico, 951 F.2d at 212.
 
 
 6
 Shegeft applied for asylum on two grounds which he alleges give rise to a well-founded fear of persecution. First, he claims that he was photographed as a participant in an anti-Khomeni demonstration at the University of Washington in 1981. He fears that this photograph has been transmitted to the Iranian government and that he will be persecuted by the government for his participation upon his return. Next, he claims he will be persecuted because he has evaded the Iranian military draft.[1]
 
 
 7
 The BIA concluded that Shegeft failed to demonstrate he had a well-founded fear because any potential reprisal by the Iranian government was premised on a number of speculative facts. Furthermore, the BIA found that the evidence, which consisted solely of Shegeft's testimony, was impinged by Shegeft's past acts of dishonesty which undermined his credibility.
 
 
 8
 On appeal, Shegeft only contests the BIA's finding that he lacked credibility. As required, the BIA gave specific reasons for its credibility findings. First, the BIA pointed to the dishonest nature of Shegeft's two prior criminal convictions. Next, it pointed to statements in Shegeft's asylum application that were inconsistent with his previous conviction which indicate further acts of dishonesty. Thus, the BIA gave specific cogent reasons for its credibility findings.
 
 
 9
 The BIA findings are supported by substantial evidence. Shegeft was convicted of food stamp fraud and making a false statement to the INS. Both crimes involve acts of dishonesty and impinge on Shegeft's character for truthfulness. Further, in his application for asylum, Shegeft stated that when he applied for conditional permanent resident status, he indicated that he and his wife were living together because they were embarrassed to admit they were living apart. Shegeft also stated in the application that he did not know "the marriage was bad." Shegeft's subsequent admissions that he entered into marriage to obtain permanent residence and that his wife never lived with him undermine his credibility. Thus, a reasonable factfinder could conclude that Shegeft's statements in his application for asylum were disingenuous. See Hartooni, 21 F.3d at 340.
 
 
 10
 Although Shegeft submitted evidence from previous employers which indicated that he was reliable and trustworthy, there nonetheless exists substantial evidence which supports the BIA's finding that Shegeft lacked credibility. See Berroteran-Melendez, 955 F.2d at 1256. Accordingly, the BIA did not err by denying Shegeft's request for asylum. See id. at 1258.
 
 
 11
 PETITION FOR REVEIW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Shegeft does not contest the BIA's determination that punishment for draft evasion is not considered persecution within the meaning of the Act